Howell, J.
This is a suit against the endorsers of a promissory note, in which the main question presented for our decision is, whether or not the words, “protest waived,” dispense with demand and notice, and convert a conditional into an absolute obligation on the part of the endorsers?
It is conceded that by the jurisprudence of this State, for more than twenty years, such a waiver does not dispense with notice to the endorser; but plaintiff’s counsel contend that our jurisprudence on this point is erroneous, not founded on reason, and not in accord with that in other States and countries, and they refer us to Parsons on Notes and Bills, to sustain their position.
^V'e have examined this author attentively, and find that he adopts the *539 doctrine in the case of Coddington v. Davis, 3 Denio’s New York Reports, page 17, which is contrary to the doctrine here; but that case was before our predecessors, and after full consideration, they adhered to the rule laid down by the Supreme Court of the United States, in the case of the Union Bank v. Hyde, 6 Wheaton’s Rep. 574, which lias ever since prevailed here, and we do not see that Mr. Parsons has adduced any authority or reasoning beyond that which has already been considered by this tribunal, nor shown that the doctrine recognized in this State is not in accord with that of most other States and countries. See Parsons on Notes and Bills, vol. 1, p. 576, edition of 1867, and contra, 1 A. 312. 6 A. 470. 14 A. 305. Story on Notes, $ 272. Bailey on Bills, 245.
The argument of plaintiff’s counsel, though justly entitled to much credit, and the authorities cited by him, are not sufficient to overthrow a rtde of commercial law, sanctioned by repeated, uniform judicial action, and entering into mercantile transactions for more than twenty years.
The question as to the date of the waiver, whether at, before or after maturity, cannot avail plaintiff in this case, as under the general denial of the defendants, the burden of proof was on her to show the date, if important, and no evidence to this point was adduced.
It is therefore ordered that the judgment appealed from be reversed, and that there be judgment dismissing plaintiff’s demand, with costs in both courts.
Rehearing refused.